# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2000 Session

## ROBERT B. TURNER, ET AL. v. JOHN LOUIS KINSER

### Appeal from the Chancery Court for Greene County
### No. 98000341  Thomas R. Frierson, II, Chancellor

### FILED SEPTEMBER 7, 2000

### No. E1999-01201-COA-R3-CV

---

By this suit the Plaintiffs seek a declaration that they are entitled to four separate prescriptive easements across property owned by the Defendant. Prior to the commencement of trial the Defendant conceded that the Plaintiffs were entitled to one easement and the Plaintiffs conceded that they were not entitled to another one. The Trial Court found in favor of the Plaintiffs as to the remaining two easements, resulting in this appeal. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR, JJ. joined.

David L. Leonard, Greeneville, Tennessee, for the appellant, John Louis Kinser.

Gene P. Gaby, Greeneville, Tennessee, for the appellees, Robert B. Turner and wife, Regina Cain Turner.

### OPINION

This is a case wherein Plaintiffs Robert B. Turner and his wife, Regina Cain Turner, seek by their amended complaint a declaration that they are entitled to four separate easements across the property of the Defendant, John Louis Kinser. Prior to the commencement of the trial, Mr. Kinser conceded that as to one of the easements, their claim was a valid one, and the Turners conceded that as to one of the easements, their claim was not valid. The case went to trial as to the remaining two easements. The Chancellor found in favor of the Turners as to both.

Mr. Kinser appeals contending the Court was in error in finding prescriptive rights in favor of the Turners and even if correct was in error in not allowing "reasonable barriers across various points along the easement in front of his own property rights."

In non-jury cases the standard of this Court's review of the Trial Court's action is governed by Rule 13 of the Tenn. R. App. P., which provides that the facts for determinations of the Trial Court are entitled to a presumption of correctness unless the evidence preponderates to the contrary.

The Chancellor entered a well-written and well-reasoned memorandum opinion which we attach as an appendix to this opinion and adopt as the opinion of this Court.

Before concluding, we point out that we were handicapped to a degree in our review of this case by certain testimony which did not lend itself to appellate review:

### Mr. Turner's Direct Examination

Q.    What, if anything, have you done to improve access to Tract 13?

A.    There was a small tile across, right across the bridge to get to there. I put an 18-inch tile in as well as riprap to keep from washing out the tile.

Q.    Okay.  Can you show where that was?

A.,    That was -- the riprap is here.  The tile is here, and the riprap up here as well as reseeded.  We planted seed there as well.

### Mr. Kinser's Direct Examination

Q.    Okay.  I want to show you what's been marked as Exhibit Number 1, and that's the tax map and, of course, this is your tract.  And if you could just point with your finger.  I want you to show the Court what exactly you're talking about in terms of fencing it in.

A.    Well, it goes up, around, across and down, and then right in here it comes to the middle of the road, but I'd have to go on the side of the road.  Get permission someway for what they call a fence line or over in the road, to go to the side of the road so it wouldn't block the road.  And then come down here, and I'd want to put a gate here, probably 40 feet off the road so you'd have plenty of room to pull in without staying in the road.

. . . .

Q.    Okay.  Now if you could turn that over, that cardboard, and I think this is Exhibit Number 2 -- I guess it's Collective Number 1.  That's a copy of the survey that you had performed, and you had talked a moment ago about putting

a fence on the other side because of the roadway.  Can you show the Court what you're talking about?

A.    From this point here to this point here, it comes in some places halfway and some places on the edge of the road.  The fence would have to go up this way and then out.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below.  Costs of appeal are adjudged against Mr. Kinser and his surety.

 

_____
HOUSTON M. GODDARD, PRESIDING JUDGE